UNITED STATES DISTRICT COURT

---

Robert Burton
                    Plaintiff       CIVIL ACTION:
v.
Elizabeth Rosario,
Felix Rosario,
Stephen Teel, in his official and
    and individual capacities,
Officer Shawn Quaglietta, in his official
    and individual capacities,       **VERIFIED COMPLAINT**
City of Lawrence, MA,
John Romero, Police Commissioner of     **JURY CLAIM AS TO**
    Lawrence, Ma., in his official         **ALL COUNTS**
    and individual capacities,
Officer(s) John Does
                    Defendants

---

## INTRODUCTION

Plaintiff, Robert Burton, hereinafter "Burton" is and was at all times relevant to this complaint a resident of Massachusetts. Burton operates a business known as Pinnacle Financial Consulting, LLC located at 170 Common Street, Lawrence, Massachusetts. Plaintiff hereby asserts the following claims against the defendants in the above-entitled action and requests a jury trial:

**(1)** Violation of 42 U.S.C. 1983: arrest,
**(2)** violation of 42 U.S.C. 1983: detention and confinement,
**(3)** violation of 42 U.S.C. 1983: conspiracy,
**(4)** violation of 42 U.S.C. 1983: refusing or neglecting to prevent,
**(5)** malicious prosecution,
**(6)** malicious abuse of process,
**(7)** violation of Mass. Civil Rights Act (M.G.L. c. 12, sec. 11*I*),
**(8)** false arrest and imprisonment,
**(9)** assault,
**(10)** battery,
**(11)** conspiracy,
**(12)** intentional infliction of emotional distress,
**(13)** Defamation
**(14)** reserved for negligence (until 6 months after presentment), and
**(15)** reserved for negligent infliction of emotional distress (until 6 months after presentment).

1

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. sec § 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. sec § 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff Robert Burton "Burton" is a resident of Massachusetts during all relevant times of this action, and operates a business known as Pinnacle Financial Consulting, LLC at 170 Common Street, Lawrence, Massachusetts.

4. Defendant Elizabeth Rosario is a resident of Massachusetts and resides at 511 Lowell Street, Lawrence, Massachusetts, at all times relevant to this Complaint.

5. Defendant Felix Rosario is a resident of Massachusetts and resides at 511 Lowell Street, Lawrence, Massachusetts, at all times relevant to this Complaint.

6. Elizabeth Rosario and Felix Rosario are married. Hereinafter Elizabeth and Felix Rosario are collectively referred to in the body of the Complaint as "Rosarios".

7. Defendant Stephen Teel "Teel", a Vanderbilt Law educated attorney and member of the Massachusetts Bar, with a law practice located at 300 Brickstone Square, Suite 201, Andover, Massachusetts, at all times relevant to this Complaint. Teel was also the named Witness in the 11008498 Police Incident Report.

8. Defendant Shawn Quaglietta, is a member of the Lawrence Police Department and the named reporting officer and Complainant in the Criminal Complaint, Docket Number 1118CR004633 in Lawrence District Court. Quaglietta's Officer ID number is 306.

9. Defendant John Romero is the duly-appointed Police Chief/Commissioner of the City of Lawrence, Massachusetts. He is and was responsible for the promulgation and implementation of police policies, procedures, and practices in the City of Lawrence, Massachusetts.

10. Defendant City of Lawrence is a Municipal Corporation, organized under the laws of the Commonwealth of Massachusetts. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendant(s) Officer Shawn Quaglietta and Chief John Romero at all times relevant to this Complaint.

11. Defendant John Doe and others not presently known to the plaintiff were, at all times material to this Complaint, duly appointed City of Lawrence, Massachusetts.

12. Plaintiff sues all public employees in their official and individual capacities.

## FACTS

13. Defendant Elizabeth and Felix Rosario reported a complaint to Officer Shawn Quaglietta on October 10, 2011. **(SEE EXHIBIT 1)**

14. As a result of the complaint, between October 10 and October 14, 2011, Officer Shawn Quaglietta spoke to Attorney Stephen Teel. "Teel" negligently and recklessly reported inaccurate information. For example, that the Rosario's paid $3,500 to the plaintiff and received no service. Id.

15. On October 14, 2011, Teel provided Officer Quaglietta with the Plaintiff's last four digits of his social security number. Id. Officer Quaglietta conducted a Registry of Motor Vehicles query and obtained the plaintiff's date of birth. Id. Thereafter, Officer Quaglietta applied for an arrest warrant for Larceny over $250 by False Pretense occurring on July 1, 2011 and Forgery of Document occurring on May 19, 2011. Id.

16. On October 17, 2011, an arrest warrant was issued for the Plaintiff and he was arrested at his place of business and imprisoned at the Lawrence Police Department.

17. Plaintiff was arraigned in Lawrence District Court on October 18, 2011. The ADA immediately dismissed the Forgery of Document charge but proceeded with the charge of Larceny over $250 by False Pretense.

18. A bench trial was conducted and concluded on June 7, 2012. The Honorable Michael Sullivan presided. After a 2-day trial, where the "Rosarios" testified, the Judge found the plaintiff not guilty of the charge of Larceny over $250 by False Pretense.

## COUNT 1: VIOLATIONS OF 42 U.S.C. § 1983: ARREST

19. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 18 above with the same force and effect as if herein set forth.

20. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec § 1983, 1985, 1986, and 1988.

21. Acting under the color of law, Defendant Chief Romero, Quaglietta, and City of Lawrence worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law by depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will.

(a) by making an unreasonable search and seizure of his property without due process of law;

(b) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and

(c) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

22. On October 17, 2012, Defendants Officer John Doe 1 and Officer John Doe 2 entered Plaintiff's place of business located at 170 Common Street, Lawrence, Massachusetts to arrest Plaintiff on a warrant. Plaintiff was not at the location. However, when the officers were walking out of the office, Plaintiff was entering and greeted them. The officers promptly handcuffed and arrested Plaintiff.

23. Plaintiff demanded to know why he was being arrested. Officers informed Plaintiff that warrant was issued for his arrest and that he would get more details at his arraignment. Next, the officers led Plaintiff to a L.P.D. patrol car and drove him to the Lawrence Police Department located on 90 Lowell Street in Lawrence, Massachusetts.

24. At the station, Plaintiff was uncuffed, told to present his wallet, his watch and other belongings and then he was booked.

25. Plaintiff was placed in a cell to await bail without his shoes and socks. The cell was flooded with water and cell walls smeared with feces and urine.

26. Defendant Officer Shawn Quaglietta swore out and signed the Complaint against plaintiff, alleging that Burton (a) committed Larceny over $250 by False Pretense (b) had committed Forgery of Document.

27. Plaintiff posted $40 cash bond and was released. Plaintiff's arraignment was scheduled the following morning, October 18, 2011.

28. On October 18, 2011, Plaintiff was arraigned on the charges of Forgery of Document and Larceny over $250 by False Pretense. The ADA immediately dismissed the Forgery of Document charge. Thereafter, on June 7, 2012, the Honorable Michael Sullivan found the Plaintiff not guilty of the charge of the Larceny over $250 by False Pretense.

29. The Rosarios fabricated the allegations set forth in the complaint for the improper purpose of trying to gain an advantage in their bankruptcy proceedings and to gain monetary compensation by filing a civil suit against the Plaintiff. The Rosarios have attempted to strong-arm the Plaintiff into providing them with money to settle their alleged future claims. The Rosarios with the aid of Teel are attempting to extort money from the Plaintiff and his business.

30. In the Complaint, Officer Quaglietta reported that he was going to submit the matter to a Clerk Magistrate's Hearing. However, after speaking at length with Teel, he elected to

apply for an arrest warrant despite a lack of probable cause. Teel was aware that a contract between the Plaintiff and the Rosarios was in effect for services. Nonetheless, Teel misinformed and misled the officer in an attempt to gain advantage in any future civil suit by his now clients, the Rosarios.

31. As a result of their **concerted unlawful and malicious arrest** by Defendants Officer Quaglietta, DOE, Teel and Rosarios, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. § 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 2: <u>VIOLATIONS OF 42 U.S.C. § 1983: DETENTION AND CONFINEMENT</u>

32. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. As a result of their **concerted unlawful and malicious detention and confinement** of Plaintiff, Defendants Officer Quaglietta and Officer(s) Doe deprived Burton of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. §1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: <u>VIOLATIONS OF 42 U.S.C. § 1983: CONSPIRACY</u>

34. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. As a result of their **concerted unlawful and malicious conspiracy** of Defendants Rosarios, Officer Quaglietta and Officer(s) Doe, Burton was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. §1983 and 1985.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 4: <u>VIOLATIONS OF 42 U.S.C. § 1983: REFUSING OR NEGLECTING TO PREVENT</u>

36. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above with the same force and effect as if herein set forth.

37. At all times relevant to this Complaint, Defendants Officer Quaglietta and Officer(s) Doe as police officers of the Lawrence Police Department were acting under the direction and control of Defendant Chief Romero and Defendant City of Lawrence, Massachusetts.

38. Acting under color of law and pursuant to official policy or custom, Chief John Romero and the City of Lawrence, Massachusetts knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:
(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;
(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;
(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Massachusetts; and
(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

39. Defendants Chief John Romero and the City of Lawrence had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Chief John Romero and the City of Lawrence, Massachusetts had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

40. Defendants Chief John Romero and the City of Lawrence, Massachusetts directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

41. As a direct and proximate cause of the negligent and intentional acts of Defendants Chief John Romero and the City of Lawrence, Massachusetts as set forth in paragraphs 45-48 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in

connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. § 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5: **MALICIOUS PROSECUTION**

42. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

43. Defendant Officer Quaglietta had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that Plaintiff had a contract for service, Defendant Officer Quaglietta had a duty to ascertain whether Teel had a copy of said contract and agreement along with the work product provided to Teel by Plaintiff or at the very least, investigate and seek cooperation of Plaintiff.

44. The charges were not based upon probable cause. The facts did not support the issuance of an arrest warrant as no probable cause existed. This was a matter that was civil in nature

45. Defendant Officer Quaglietta had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that Plaintiff had a contract for service, Defendant Officer Quaglietta had a duty to ascertain whether Teel had a copy of said contract and agreement along with the work product provided to Teel by Plaintiff or at the very least, investigate and seek cooperation of Plaintiff.

46. Defendant Officer Quaglietta had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that Plaintiff had a contract for service, Defendant Officer Quaglietta had a duty to ascertain whether Teel had a copy of said contract and agreement along with the work product provided to Teel by Plaintiff or at the very least, investigate and seek cooperation of Plaintiff.

47. [I]information known to be sufficiently unreliable or incomplete to support a finding that it was unreasonable to rely upon it without additional information. See Griffin v.Dearborn, 210 Mass. 308, 313 (1911) (where defendant knew that his horse was taken by G's minor son, and did not know whether the son did so, as the son claimed, on order from G, (t)he defendant's immediate prosecution of the son without any precedent investigation" could be found to lack reasonable grounds); Smith v. Eliot Sav. Bank, 355 Mass. at 548, (where defendant bank failed to pursue information as to whereabouts of S, in whose name unauthorized withdrawals were made, and teller identified the plaintiff

7

as forger seven months after brief withdrawal transaction, jury could have found that identification was "so suspect that a 'man of ordinary caution and prudence' would not have relied upon it," quoting from Bacon v. Towne, 4 Cush. at 239.)

48. Defendant Quaglietta breached his duty;

49. Defendant Quaglietta had information that a contract and other work product was faxed to Teel; he had a duty to ascertain whether a contract was entered into and that any disagreement was civil in nature but he failed that duty;

50. Rosarios and Teel recklessly made categorical statements to Officer Quaglietta accusing the plaintiff of violating criminal statutes and those statements resulted in Plaintiff's arrest.

51. Rosarios and Teel instigated or participated in the prosecution by pressing police to arrest and apply for a complaint for an improper purpose.

52. Conway v. Smerling, 37 Mass.App.Ct. 1, 3 (1994) ("Although distinct from the tort of abuse of process, see Bednarz v. Bednarz,[] 27 Mass.App.Ct. [668], 669, 673, there is in malicious prosecution the common ingredient of an improper purpose, i.e., using court proceedings primarily to gain a private advantage, because of hostility and ill will, and without belief by the accuser in the guilt of the accused. Restatement (Second) of Torts sec. 668 comments c-g").

53. Upon the advice of Teel, the Rosarios initiated a complaint to Officer Quaglietta. Officer Quaglietta spoke with Teel on several occasions without speaking with plaintiff. Officer Quaglietta had reservations and was going to order a clerk magistrate's hearing. Upon speaking with Teel one last time, Officer Quaglietta issued an arrest warrant despite being dubious whether there was probable cause. Teel instigated or participated in the prosecution by pressing police to apply for a complaint for an improper purpose.

54. Defendants City of Lawrence, Massachusetts and Chief Romero are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 6: MALICIOUS ABUSE OF PROCESS

55. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 54 above with the same force and effect as if herein set forth.

56. Defendants maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'"

57. On 10 October 2011, the Rosarios initiated a complaint with Officer Quaglietta despite a hearing that was scheduled with the U.S. Trustee in the United States Bankruptcy Court to address their complaint.

58. Teel advised the Rosarios how to file a criminal complaint against Plaintiff in order to put pressure on Plaintiff and with the hopes that the Rosarios can extract money from Plaintiff.

59. The Rosarios knew that the complaint initiated was groundless and made misrepresentations to Officer Quaglietta to gain an advantage in the U.S. Trustee's hearing and force a settlement on a prospective demand and civil suit. A person may be liable for false imprisonment not only when the person's own acts directly impose a restraint upon the liberty of another but also when that person, by providing false information, causes such restraint to be imposed. Karjavainen v. Buswell, 289 Mass. 419, 427 (1935) (questioned on other grounds by Mezullo v. Maletz, 331 Mass. 233, 239-240 [1954]). Restatement (Second) of Torts s 37 (1965) ("If an act is done with the intent to confine another, and such act is the legal cause of confinement to another, it is immaterial whether the act directly or indirectly causes the confinement.) Sarvis v. XXXXXX Safe Deposit and Trust Co., 47 Mass.App.Ct. 86, 97-98 (1999).

60. Teel knew or should have known that the complaint was groundless and he sought to use the process for an ulterior purpose, including, but not limited to, the purpose of aiding his clients to gain advantage in their prospective civil suit and U.S. Trustee's hearing.

61. Defendants Officer Quaglietta and Officer(s) Doe knew or should have known that the complaint initiated was groundless.

62. Defendants Officer Quaglietta and Officer(s) Doe used the legal process with the ulterior purpose, to wit, for personal financial benefit.

63. Defendants City of Lawrence, Massachusetts and Chief John Romero are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 7: VIOLATION OF MASS. CIVIL RIGHTS ACT, M.G.L. c. 12, sec. § 11*I*

64. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above with the same force and effect as if herein set forth.

65. At all times relevant herein, the conduct of all Defendants were subject to the Massachusetts Civil Rights Act.

66. Defendants Rosario(s), Teel, Officer Quaglietta, and Officer(s) Doe interfered with or attempted to interfere by threats, intimidation, or coercion with Plaintiff's exercise and enjoyment of his rights -- e.g., his rights to his liberty and his right to due process -- secured by the state and federal constitutions or laws of the United States and/or the Commonwealth of Massachusetts.

67. Thus, under color of state, Burton's liberty was threatened, and he was intimidated and coerced into trying to agree to pay the Rosarios and Teel.

68. As a direct and proximate result of the conduct of the Defendants, Plaintiff was intimidated and put in continuing anxiety and has suffered damages including but not limited to the aforesaid damages.

WHEREFORE, Plaintiff demands judgment against Defendants for injunctive relief and actual, special, compensatory and punitive damages, and attorney's fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 8: FALSE ARREST AND IMPRISONMENT

69. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

70. At all times relevant herein, (a) the Defendants acted with the intention of confining Burton within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Burton was conscious of the confinement.

71. Defendants Officer Quaglietta and Officer(s) Doe imposed by force or threat an unlawful restraint upon his freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the Lawrence police station where he was detained in a cell.

72. As a direct and proximate result of the conduct of the Defendants, Burton suffered harm and damages including but not limited to the aforesaid damages.

73. Defendants City of Lawrence, Massachusetts and Chief John Romero are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 9: ASSAULT

74. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 74 above with the same force and effect as if herein set forth.

75. Plaintiff is a reasonable person.

76. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

77. Defendants City of Lawrence, Massachusetts and Chief John Romero are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Doe, City of Lawrence, Massachusetts, and Chief John Romero for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 10: BATTERY

78. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 77 above with the same force and effect as if herein set forth.

79. Without the consent of Plaintiff, Defendants Officer(s) Doe intentionally, harmfully, and offensively touched Plaintiff by handcuffing him.

80. Without the consent of Plaintiff, Defendant(s) Officer Quaglietta and Officer Doe indirectly caused Officer Doe to intentionally, harmfully, and offensively touch Plaintiff while handcuffing Plaintiff.

81. Defendants City of Lawrence, Massachusetts and Chief John Romero are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Quaglietta and Officer Doe for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 11: CONSPIRACY

82. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 81 above with the same force and effect as if herein set forth.

83. All the Defendants (a) had an object to be accomplished; (b) had an agreement on the object or course of action; (c) performed one or more unlawful overt acts; and (d) caused Plaintiff damages that were a direct result of those acts.

84. In furtherance of their object, defendants did two or more overt acts against the plaintiffs. Those unlawful overt acts include, but are not limited to, the following:
(a) Teel advised and strategized with the Rosarios to instigate and fabricate a story that Plaintiff stole their money despite having a signed agreement for work;
(b) The Rosarios intentionally misrepresented that no work was completed despite overwhelming evidence to the contrary;
(c) A later fabrication by Elizabeth Rosario was that she never signed any documents. Under sworn testimony, she states that both she and her husband did sign most, if not all of the documents.
(d) Officer Quaglietta knew or should have known that Rosarios had intentionally misrepresented facts about the signed agreement;
(e) Officer Quaglietta knew or should have known about the civil matter because Teel stated that documents were faxed to him by Plaintiff's office in the police report.
(f) Rosarios misrepresented that Plaintiff had done nothing or any work;
(g) Teel misrepresented that Plaintiff can only charge a maximum of $750.00 as a bankruptcy petition preparer;
(h) Rosarios, Teel, and Officer Quaglietta knew that the disagreement was a civil matter and knew that a cause of action in another tribunal, to wit U.S. Bankruptcy court, was initiated;
(i) in concert with Rosario's and Teel's representations and misrepresentations, Officer Quaglietta and Officers Doe arrested and detained and confined Plaintiff on the grounds that (i) he had committed larceny over $250 by false pretense, and (ii) Forgery of Document;

85. The defendants agreed that the object or course of action was to arrest, detain, and confine Burton without probable cause, and maliciously charge and prosecute him with crimes.

86. Defendants City of Lawrence, Massachusetts and Chief John Romero are liable under the doctrine of respondeat superior.

87. Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 12: <ins>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</ins>

88. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 87 above with the same force and effect as if herein set forth.

89. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Plaintiff, or by interfering with Plaintiff's state civil rights

by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

90. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community. The actions of all Defendants were the cause of Plaintiff's distress.

91. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

92. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

93. Defendants City of Lawrence, Massachusetts and Chief John Romero are liable under the doctrine of respondeat superior.

94. As a result of the Defendants' extreme and outrageous conduct, Burton has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants Elizabeth and Felix Rosario, Stephen Teel, Officer Shawn Quaglietta, and Officer(s) Doe, City of Lawrence, Massachusetts, and Chief John Romero in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT 13: **DEFAMATION**

95. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 94 above with the same force and effect as if herein set forth.
96. Defendants Rosario published one or more oral and written false statements which were intended to impeach Plaintiff's honesty, integrity, virtue, or reputation.

97. The defamatory statements were, including, but not limited to, the following:

   **a.** Burton and Pinnacle Financial Consulting, LLC are cons;

   **b.** Burton is a thief and crook;

   **c.** "Burton charged $3,500 for no service," Id.

98. Plaintiff is not a public figure.

13

99. The statements imputed by Rosarios and Teel to Plaintiff, the slurs on Plaintiff's character by Rosarios and Teel, including his honesty, integrity, virtue, or reputation, the oral and written statements by Rosarios and Teel that he was a thief and con defamed Plaintiff.

100. The defamatory statements resulted in liability to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Rosarios and Teel for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

Respectfully submitted,
Robert Burton,
Pro Se
21 June 2012

**PLAINTIFF'S VERIFICATION**

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.
21 June 2012

Subscribed and sworn to before me, this 21st day of June 2012.

_____
Notary Public